**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3560
_____

ROSALIND NORMAN,
Appellant

v.

KMART CORPORATION, T/D/B/A Kmart and Super Kmart;
KMART MANAGEMENT CORPORATION, T/D/B/A Kmart and Super Kmart;
KMART OF PENNSYLVANIA LP, T/D/B/A Kmart and Super Kmart;
SEARS HOLDING CORP., T/D/B/A Kmart and Super Kmart
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:07-cv-02222)
District Judge: Honorable James Munley
_____

Submitted Under Third Circuit LAR 34.1(a)
May 22, 2012

Before: RENDELL, FUENTES, and HARDIMAN, *Circuit Judges*

(Opinion Filed: June 27, 2012)
_____

OPINION OF THE COURT
_____

FUENTES, *Circuit Judge*.

Rosalind Norman was a store manager at a Pennsylvania Kmart when she was

terminated for manipulating payroll records and engaging in fraudulent behavior. She

1

filed suit in the United States District Court for the Middle District of Pennsylvania alleging that she was terminated because of her age and gender. After discovery, the District Court granted Kmart's motion for summary judgment dismissing all of her claims. Norman appeals and we will affirm.

## I.

Because we write primarily for the parties, we set forth only the facts relevant to our conclusion. Rosalind Norman was the store manager at the Wilkes-Barre, Pennsylvania Kmart until July 2005, when she was fired for payroll manipulation and fraud. An investigation into Norman's conduct revealed that she requested employees to work off the clock,[1] compensated them with cash vouchers or personal time, allowed them to be clocked-in when they were not working, and paid nonemployees to work.[2] Norman admitted to these actions in her deposition and in writing. Appendix ("App.") at 67, 1240, 1247. These actions violated Kmart's policy against fraud, which forbids "[f]alse, fictitious, or misleading entries or reports," App. at 1276, and its prohibition on manipulation of payroll expenses, which forbids "allowing associates to work off the clock, manipulating time clock punches to reduce hours worked, and deferring the payment of any wages through the use of cash vouchers," App. at 1320.

---

[1] Working off the clock refers to working without punching into the required time recording system.

[2] Norman admittedly engaged in these activities in order to meet her payroll budget. App. at 67. Paying employees with cash vouchers and personal time allowed Norman to compensate them without increasing payroll expenditures.

Because of the seriousness and extent of these violations, Norman was terminated. She was 54 years old at the time. After her termination, Kmart hired Frank Mussich, an older male, to replace Norman.[3] He worked for approximately one year before leaving Kmart on his own accord for medical reasons.

After being terminated, despite having admitted in her deposition that she believed she was treated more harshly than older employees, Norman pointed to younger employees and male employees who she believed committed similar violations but were not terminated. However, these employees each committed either one of the several violations Norman committed, did not actually commit any violations, or acted at Norman's direction.

Norman filed a complaint in the United States District Court for the Middle District of Pennsylvania against Kmart, asserting it terminated her because of her age and gender in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) ("Title VII"). The District Court granted Kmart's motion for summary judgment and dismissed Norman's claims. This appeal followed.[4]

## II.

Our review of a District Court order granting summary judgment is plenary. *Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000). As there is no direct

---

[3] The record does not indicate Mussich's age, only that he was older than Norman.

[4] The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291 as an appeal of a final order of the District Court.

evidence of discrimination, we apply the three-part burden-shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) to Norman's ADEA and Title VII claims. *Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.*, 60 F.3d 153, 157 (3d Cir. 1995). Under this framework, the plaintiff first must carry the initial burden of establishing a prima facie case of discrimination. *McDonnell Douglas*, 411 U.S. at 802.

If the plaintiff establishes a prima facie case of discrimination, the burden of production shifts to the employer to demonstrate that the plaintiff was terminated for some legitimate, nondiscriminatory reason. *Id*. at 802. Lastly, "should the defendant carry this burden, the plaintiff then must have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not the true reasons, but were a pretext for discrimination." *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410 (3d Cir. 1999).[5]

### A.

Kmart has articulated a legitimate, nondiscriminatory explanation for its termination of Norman, and has thus satisfied the second prong of the burden-shifting framework. Kmart put forth evidence that Norman repeatedly manipulated payroll expenses and engaged in fraudulent behavior as the reason she was terminated. These infractions suffice as a legitimate, nondiscriminatory reason for termination, which has

---

[5] We will assume Norman established a prima facie case of age and gender discrimination, and thus we will only discuss the second two prongs of the *McDonnell Douglas* test. Although the District Court only opined on the prima facie element, "[w]e may affirm on any grounds supported by the record." *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (quoting *Nicini v. Morra*, 212 F.3d 798, 805-06 (3d Cir. 2000) (en banc)) (internal quotation marks omitted).

no relation to her age or gender, because Kmart is explicit that they can result in termination. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000) (finding employee's failure to keep accurate records and adhere to general work rules amounted to a legitimate reason for termination); *see also Glanzman v. Metro. Mgmt. Corp.*, 391 F.3d 506 (3d Cir. 2004) (finding that evidence of employee's violations of company policies sufficed as proof employer would have fired employee without consideration of her age).

**B.**

Norman fails to introduce any evidence that sufficiently demonstrates that Kmart's legitimate, nondiscriminatory reason for terminating her was a pretext. To do so, Norman must point to evidence from which a jury could reasonably "(1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994). She need not introduce evidence beyond her prima facie case, but must point to "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons" to show that they were not the true motivation. *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 644 (3d Cir. 1998) (quoting *Ezold v. Wolf, Block, Schorr and Solis-Cohen*, 983 F.2d 509, 531 (3d Cir. 1992)) (citation and internal quotation mark omitted).

Norman fails to show that it is more likely than not that Kmart's stated reason for firing her was a pretext. First, because Norman admits to the violations she committed,

she cannot show that Kmart's reason was false.  She also offers no direct or indirect evidence that would permit a reasonable factfinder to find Kmart's real motivation for terminating her was her age or gender.  Norman contends that similarly situated employees were treated more favorably than she was, but the employees to whom Norman points were not similarly situated because they either were her subordinates or did not commit violations of the same scope and scale as she.  *See Maxfield v. Cintas Corp. No. 2*, 427 F.3d 544, 550 (8th Cir. 2005) (finding two employees not similarly situated when they were not similar in "all relevant respects"); *see also Vernon v. A& L Motors*, 381 F. App'x. 164, 167 (3d. Cir. 2010) (finding identification of a similarly situated individual may give rise to an inference of unlawful discrimination).

Because Norman is unable to point to any inconsistencies or contradictions in Kmart's proffered reason and has failed to bring forth any other evidence that would permit a reasonable factfinder to find that this explanation was a pretext, she has failed to meet her burden under the *McDonnell Douglas* framework.

## III.

For the foregoing reasons, we will affirm the opinion and order of the District Court.